## LIABILITY OF MUNICIPALITY FOR INJURY FROM EXPLOSION OF A PEANUT ROASTER ON THE STREET.

Court of Appeals for Licking County.

EDWARD M. O'GRADY V. CITY OF NEWARK.

Decided, March Term, 1916.

*Municipal Corporations—Peanut Roaster Explodes on Street—City Liable for Negligence to One Injured Thereby.*

A cause of action is stated by a petition alleging that through the negligence of the defendant municipality the operation was permitted of a peanut roaster on the streets of said city, which said roaster exploded and a part thereof struck plaintiff to his injury; and where there is evidence tending to establish the truth of said allegation, it is error to arrest the case from the jury and give judgment for the municipality.

*Frank A. Bolton,* for plaintiff.
*Ralph Norpell,* City Solicitor, contra.

POWELL, J.

This action was commenced by the said plaintiff, who is now plaintiff in error, to recover damages from the defendant for alleged negligence in the care of the streets and public square of the city of Newark, in that the city allowed upon its streets, and near the public square of said city, a certain peanut roaster which, on the 31st day of August, 1911, exploded, and a part of which, after such explosion, struck the plaintiff, to his injury.

The petition, by proper averments, charges negligence upon the part of the defendant in permitting such dangerous implement to be upon the streets of such city, and charges that the city is liable for such negligence.

Issue was joined by answer to the amended petition filed in the case, in which the defendant admits certain averments of the petition; and after such admission denies each and every allegation contained in said petition, and being in its nature a general denial of the material averments of the petition. A second de-

fense is set out in which it is claimed that the plaintiff made a settlement with the owners of the peanut roaster for damages received by reason of such explosion. To this, a reply is filed.

The case came on for trial, and the plaintiff's evidence was presented to the jury, when a motion was made by counsel for the defendant to direct the jury to return a verdict in its favor, which motion was sustained, and a verdict was returned accordingly. A bill of exceptions was taken embodying all the testimony and the instructions of the court, and the case was brought into this court for review.

Upon examination of the record, this court is of the opinion that the action of the court in thus directing a verdict was erroneous; that plaintiff's amended petition sets forth a cause of action in his favor as against the city; that there are sufficient averments in said amended petition which, if found to be true, would entitle him to a verdict at the hands of a jury, and that the court erred in directing a verdict in favor of the defendant. In other words, the court is of the opinion that there is sufficient evidence shown by the record in favor of the plaintiff to entitle him to have the same submitted to a jury, and that the court should have overruled the motion of defendant asking that a verdict be directed in its favor. For this reason, the judgment of the court below will be reversed, and the case remanded for a new trial.

SHIELDS, J., and HOUCK, J., concur.